# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FELIX GUZMAN RIVADENEIRA,**
On behalf of the thousands of federal
detainees and their families here in the
United States of America and
all over the world,

        Plaintiff,

      **-vs-**               **Case No. 15-CV-551**

**DEPARTMENT OF HOMELAND
SECURITY, et al.,**

        Defendants.

---

# DECISION AND ORDER

---

Dr. Felix Guzman Rivadeneira seeks to bring a class action "on behalf of the thousands of federal detainees and their families here in the United States of America and all over the world." He has filed this action under 42 U.S.C. § 1983, alleging that he and those he purports to represent have suffered civil rights violations. This matter is before the Court on the plaintiff's motions to proceed *in forma pauperis* and to appoint counsel and for screening of the plaintiff's complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915.

One of those requirements is that the prisoner pay an initial partial filing fee. On June 5, 2015, the Court assessed an initial partial filing fee of $264.89. The plaintiff paid that fee on June 12, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*.

Federal law requires that the Court dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which

- 2 -

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is currently incarcerated at McHenry County Jail in Woodstock, Illinois, although he was incarcerated in the Kenosha County Detention Center when he filed his complaint. The plaintiff is suing the Department of Homeland Security, the Department of Immigration Customs Enforcement (ICE), the United States Attorney General, the Chief Operator of the Detention Operation Manual, all the wardens of the jails and detention centers contracted by ICE, all the service processing centers, all the contract detention facilities, and all the intergovernmental service agreement facilities. He purports to bring this suit on behalf of himself and thousands of federal detainees and their families worldwide.

The plaintiff's complaint contains no factual allegations. Instead, it is filled only with legal conclusions that detainees "have been deprive[d] basic human needs," "have been a subject of deliberate indifference" to their medical needs, have been "denied due process of law," "have been suffering physical, sexual and verbal abuse," etc. (ECF No. 1 at 6-7.) In

- 4 -

most cases, the plaintiff does not even clarify which, if any, of the defendants is responsible for the vaguely described misconduct. Moreover, the plaintiff must identify individual defendants and specify the manner in which each particular defendant's actions (or inaction) violated the plaintiff's constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation"). The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under Section 1983, nor does Section 1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the complaint does not state an actionable claim for relief.

The plaintiff has also filed a motion asking the Court to appoint a lawyer to represent him. In a civil case, a court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Before the court makes that decision, though, a plaintiff has to show the Court that he has made a reasonable effort to hire private counsel on his own.

Case 2:15-cv-00551-RTR   Filed 07/01/15   Page 5 of 9   Document 11

*Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff may satisfy that obligation by providing the Court with at least three names of attorneys who he has contacted, along with the dates of the contact and, if available, any responses.

Only after the plaintiff shows that he's made that reasonable attempt to hire counsel will the Court decide "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the Court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id*.

In this case, the plaintiff has not provided evidence that he's made any efforts to obtain legal counsel on his own, so the Court will deny the plaintiff's motion. However, even if the plaintiff had provided that evidence, the Court would deny the plaintiff's motion at this time. According to the plaintiff, he was a doctor in Ecuador and, just prior to his detainment, was studying to take the medical boards in the United States. While the substance of his original complaint is vague and conclusory, the filing is articulate and well organized, and the Court believes that the

- 6 -

plaintiff, who is now informed of the pleading standard, is capable of providing an amended complaint on his own without the assistance of counsel.

Therefore, if the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint, if the plaintiff chooses to file one, must be filed on or before **July 31, 2015**. Failure to file an amended complaint within this time period will result in dismissal of this action for failure to prosecute.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id*. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel (EFC No. 2) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that on or before **July 31, 2015**, the plaintiff, if he so chooses, may file an amended complaint curing the defects in the original complaint as described herein.

**IT IS ALSO ORDERED** that if the plaintiff chooses not to file an amended complaint by **July 31, 2015**, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that copies of this order be sent to the McHenry County, Illinois Sheriff.

**IT IS ALSO ORDERED** that the McHenry County Illinois Sheriff shall collect from the plaintiff's prisoner trust account the $85.11 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

- 8 -

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2015.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**