# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FELIX GUZMAN RIVADENEIRA,**
On behalf of the thousands of federal
detainees and their families here in the
United States of America and all over the world,

        Plaintiff,

        -vs-                              **Case No. 15-CV-551**

**DEPARTMENT OF HOMELAND
SECURITY, et al.,**

        Defendants.

## DECISION AND ORDER

Dr. Felix Guzman Rivadeneira, a federal detainee under an order of deportation, seeks to bring a class action "on behalf of the thousands of federal detainees and their families here in the United States of America and all over the world." (ECF No. 15.) He has filed this action under 42 U.S.C. § 1983, alleging that he and those he purports to represent have suffered civil rights violations. This matter is before the Court on the plaintiff's motion to appoint counsel (ECF No. 13) and for screening of the plaintiff's amended complaint (ECF No. 15).

Federal law requires that the Court dismiss a complaint, including an amended complaint, if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The plaintiff is currently detained in the McHenry County Jail in Woodstock, Illinois, although he was detained in the Kenosha County Detention Center in Wisconsin when he filed his original complaint. The plaintiff is suing the Department of Homeland Security, the Department of Immigration Customs Enforcement (ICE), the United States Attorney General, the Chief Operator of the Detention Operation Manual, all the wardens of the jails and detention centers contracted by ICE, all the service processing centers, all the contract detention facilities, and all the intergovernmental service agreement facilities.

On July 1, 2015, the Court gave the plaintiff the opportunity to file an amended complaint because his original complaint contained nothing more than unsupported legal conclusions that were not entitled to the assumption of truth. The plaintiff was instructed to file an amended complaint that identified the individual defendants that were responsible for particular constitutional violations. The Court notified the plaintiff that his allegations of wrongdoing must be supported by facts.

On July 30, 2015, the plaintiff submitted a lengthy amended complaint that failed to remedy the deficiencies in his original complaint.

- 2 -

Case 2:15-cv-00551-RTR    Filed 08/14/15    Page 2 of 6    Document 16

Despite the Court's instructions, the plaintiff did not name individual defendants, he did not identify the particular facilities at which the alleged violations occurred, and he did not support many of his legal conclusions with facts. In short, the plaintiff's amended complaint fails to state a claim for all the reasons the Court previously identified in connection with his original complaint.

In addition, in his amended complaint the plaintiff states, "Plaintiff has filed his civil action lawsuit in different Circuit Court [sic] all over America with the intention to spread awareness from the courts and to open the door for fellow detainees who wants [sic] to add the personal and unique complaints without the fear of retaliation . . . ." (ECF No. 15 at 3.) A search of PACER reveals that the plaintiff has filed more than fifty lawsuits with complaints that are identical to his original complaint in this action. Many of these cases have been transferred to the Northern District of Illinois because of the plaintiff's current place of detention (McHenry County, Illinois). The plaintiff's case is currently pending in that district before the Honorable Jorge L. Alonso, who has also given the plaintiff the opportunity to amend his complaint. *See Rivadeneira v. Dept. of Homeland Security*, No. 15 C 5552 (N.D. Ill.).

- 3 -

Because the plaintiff was at one point detained in the Kenosha County Detention Center in Wisconsin, the Court gave the plaintiff the opportunity to amend his complaint so it could determine whether this district is the proper venue for the plaintiff's claims. However, as explained, the plaintiff's amended complaint contains the same broad, general allegations, none of which have any connection to Wisconsin. As such, the Court will follow the lead of the many other district courts who have screened the plaintiff's identical complaints and will dismiss this action because venue is inappropriate in this district. *See* 28 U.S.C. § 1391.

It is a waste of resources for the plaintiff to maintain more than one action based on identical complaints. "To promote judicial economy and protect parties from vexatious and expensive litigation, a federal court may dismiss a suit when it is duplicative of a suit already pending in another federal court." *Rivadeneira v. Dept. of Homeland Security*, No. 15-12317, 2015 WL 4111452, at *1 (D. Mass. 2015) (dismissing a complaint identical to the plaintiff's original complaint). Because the plaintiff is proceeding with identical claims in the district in which he is currently detained, justice does not require that he also be allowed to do so here. The plaintiff's amended complaint is dismissed.

The plaintiff has also filed a motion asking the Court for the second time to appoint a lawyer to represent him. (ECF No. 13.) The Court previously instructed the plaintiff that before it would consider whether to appoint counsel to represent him, he needed to contact at least three attorneys and attempt to obtain representation on his own. In this current motion, the plaintiff states that he followed the Court's instructions and he refers the Court to an exhibit attached to his motion as evidence of his compliance. The exhibit is entitled "List of Civil Rights Law Firms, Civil Rights Organizations, Entities or Persons Who Can Help, Refer or Provide Civil Rights Legal Representation." The list includes more than twenty-five names of individuals (including the President of the United States) and organizations. The plaintiff does not indicate who on the list he called or whether he received a response from whomever he called. The Court does not believe that the plaintiff has satisfied the requirement that he try to obtain representation on his own, so the Court will deny his second motion to appoint counsel.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's second motion to appoint counsel (EFC No. 13) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**

**WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**